# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DOROTHY JEAN MARTIN, | ) | |
| | ) | |
| vs. | ) | Case No. 3:25-cv-03137-CRL-DJQ |
| | ) | |
| FISERV, INC. | ) | [Removed from the Seventh Judicial Circuit |
| | ) | Court, Sangamon County, Case No. |
| | ) | 2025 SC 282] |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant FISERV, INC. ("**Fiserv**") seeks dismissal of Plaintiff DOROTHY JEAN MARTIN's ("**Plaintiff**") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Fiserv states as follows:

## INTRODUCTION

This Court should dismiss Plaintiff's lawsuit against Fiserv because Plaintiff named the wrong party. In her Amended Complaint, Plaintiff asserts allegations against "*Telecheck Services, Inc.*" ("**TeleCheck**"), not Fiserv. *See, e.g.*, Am. Compl. (Dkt. 4) ("My lawsuit was brought because Telecheck Services Inc… violated and subverted the preexisting statutory laws . . . ."). As to Fiserv, Plaintiff alleges only that TeleCheck is "wholly owned" by Fiserv. Fiserv does not deny TeleCheck is a wholly owned, indirect subsidiary of Fiserv, but well-established law holds that parent corporations are not liable for the actions of their subsidiaries absent exigent circumstances. Plaintiff pleads no such exigent circumstances here, nor do they otherwise exist. Plaintiff's Amended Complaint should be dismissed.

**FACTUAL BACKGROUND**

According to Plaintiff's Complaints[1], on December 6, 2024, and December 27, 2024, Plaintiff attempted to pay for groceries with two "payable on demand checks" from Security Bank. (Dkt. 4 at 3.) TeleCheck, which provides check processing and warranty services to merchants, declined to warrant the checks based at least in part on a lack of "sufficient history in [its] system to support approving this transaction" and informed Plaintiff she could contact TeleCheck with questions. (*See* Doc. 8 to Plaintiff's Original Complaint, attached hereto as **Exhibit A**.) Because TeleCheck would not offer a warranty on these transactions, the merchant declined to accept payment by check. Plaintiff disagreed with this decision and confronted and ultimately called the police on her financial institution, Security Bank. This lawsuit followed. (Ex. B.) Crucially, however, Plaintiff's Complaints contain no allegation of any act or omission on the part of Fiserv.

**ARGUMENT**

To survive a motion to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell v. Twombly*, 550 U.S. 554, 570 (2007). A plaintiff must include "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. A complaint that asserts "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor can a complaint survive if it is based upon "naked assertion[s] devoid of further factual enhancement." *Id.* at 557.

This Court should dismiss Plaintiff's Amended Complaint for the obvious reason that Plaintiff asserts no factual allegations directed at Fiserv, who is therefore not a proper party to this

---

[1] Prior to removal, Plaintiff filed an original complaint and an amended complaint. After removal, Plaintiff filed another amended complaint (Dkt. 4), which is the operative complaint here.

103802742.3

dispute. The Supreme Court has held "parent corporations are generally not liable for the acts of their subsidiaries . . . . Moreover, the mere fact of a parent-subsidiary relationship, without a great deal more, does not give rise to liability." *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 291, 864 N.E.2d 227, 238 (2007).

Here, Plaintiff does not plead a "great deal more"; in fact, Plaintiff pleads *nothing* more than the "mere fact of a parent-subsidiary relationship." *Id.* Plaintiff's sole allegation connecting Fiserv to this lawsuit is that TeleCheck is "wholly owned by Fiserv." (Am. Compl. at 2.) Indeed, Plaintiff's other allegations demonstrate Fiserv has no role in this dispute. The Amended Complaint should therefore be dismissed.

## CONCLUSION

Plaintiff's Amended Complaint fails to state a cause of action against Fiserv. Accordingly, this Court should grant Fiserv's motion and dismiss Plaintiff's Amended Complaint with prejudice.

Dated: May 21, 2025                                  Respectfully submitted,

                                                     Polsinelli PC

                                                     */s/ Daniel J. Hoelting*
                                                     Daniel J. Hoelting
                                                     150 N. Riverside Plaza, Suite 3000
                                                     Chicago, IL 60606
                                                     Phone: 312-819-1900
                                                     Fax: (312) 819-1910
                                                     Email: dhoelting@polsinelli.com

**CERTIFICATE OF SERVICE**

    I certify that I have this day served the foregoing by depositing a copy of same in the United States mail from 150 N. Riverside Plaza, Suite 3000, Chicago, Illinois, postage prepaid, before the hour of 5:00 p.m. on May 21, 2025, addressed as follows:

>Dorothy Jean Martin
>825 W. Jefferson Street, Apt. 410
>Springfield, IL 62702

                                                  /s/ Daniel J. Hoelting
                                                  Daniel J. Hoelting